IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 8 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| THE ADMINISTRATIVE COMMITTEE OF THE AMERICAN EXCELSIOR COMPANY EMPLOYEE STOCK OWNERSHIP TRUST, <br><br> Plaintiff, <br><br> VS. <br><br> GREATBANC TRUST COMPANY, ET AL., <br><br> Defendants. | § § § § § § § § § § § § § |

NO. 4:14-CV-825-A

ORDER SETTING SCHEDULE
AND PROVIDING SPECIAL PRETRIAL INSTRUCTIONS

The court, having considered and reviewed the status report submitted by the parties, finds that the following order should be entered. In addition to fixing a schedule, this order provides important, special pretrial instructions that the parties must bear in mind as the trial date approaches.

The court ORDERS that:

1. Any motion for leave to join other parties to this action shall be filed by May 26, 2015. Any motion for summary judgment shall be filed at least seventy-five (75) days prior to the scheduled pretrial conference date. A motion for summary judgment will be filed separately and will not include any other motion. A motion for continuance pursuant to Fed. R. Civ. P.

56(d) will be filed separately and will not be included in a summary judgment response or any other document.

    2. Any motion for leave to amend pleadings must be filed by October 14, 2015.

    3. All discovery must be initiated in time to allow completion of discovery by December 14, 2015. After that date, no discovery may be conducted and no discovery motion, other than a motion under Fed. R. Civ. P. 37(d), may be filed without an order extending the discovery deadline upon a showing of good cause.

    4. Any motion, other than the motions described in items 1-3 above and motions <u>in limine</u>, shall be filed at least thirty (30) days prior to the scheduled pretrial conference date.

    5. A pretrial order in compliance with the attached special pretrial instructions shall be presented to the Court by 12:00 o'clock noon three (3) business days prior to the pretrial conference, which is hereby set for 9:00 a.m. on January 4, 2016, Room 401, U.S. Courthouse, Fort Worth, Texas. Any motions that have not been previously disposed of will be heard at the pretrial conference, as appropriate.

    6. This case is set for a non-jury trial the week of February 22, 2016, with docket call at **9:00 a.m.** on that date.

7. No later than Monday one week prior to the scheduled trial date each party shall file with the Clerk (i) a witness list, (ii) an exhibit list, (iii) an agreed summary, accompanied by appropriate page and line references, of portions of each deposition, other than portions to be offered by video, to be offered at trial, and (iv), if set for non-jury trial, proposed findings of fact and conclusions of law, or, if set for jury trial, a proposed jury charge and verdict form.

8. The parties shall not file depositions or exhibits prior to trial, but shall have the originals and one copy thereof available immediately prior to trial. Each exhibit that will be offered at trial shall bear the case number of this action in addition to the exhibit number and identity of offering party.

9. The witness list contemplated by paragraph 7 above will be accompanied, when it is filed, by a statement as to each witness of each subject matter upon which the witness will be asked to testify. The witness list will include two columns, one bearing the heading "Sworn" and the other bearing the heading "Testified" so that the court can keep track of the witnesses at trial.

10. The exhibit list contemplated by paragraph 7 above shall be accompanied, when it is filed, by a statement signed by counsel for each party, other than the party who will be offering

the exhibit, stating as to each exhibit shown on the list either that the parties agree to the admissibility of the exhibit or the nature and legal basis of any objection that will be made to the admissibility of the exhibit and the identity of the party or parties who will be urging the objection. All parties are required to cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. The party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit he proposes to offer. No exhibit will be offered at the trial of this case unless such a statement has been timely filed as to the exhibit. The exhibit list will include two columns, one bearing the heading "Offered" and the other bearing the heading "Admitted."

    11. No party will adopt any motion or pleading filed by any other party; and, the court will not entertain a motion to adopt. No party is permitted to adopt as, or in, the party's witness list or exhibit list all or any part of the witness list or exhibit list of another party.

    12. All deposition testimony to be offered at trial shall be offered in summary, rather than question and answer, form. The offering party shall be responsible to obtain agreement of

counsel[1] for all other parties to the accuracy of the proposed summary. Agreement of counsel as to proposed summaries shall be reached before the agreed summaries are filed, as required by paragraph 7 above.

13. If there is a possibility that a party will use at trial any video or audio recording, other than a videotaped deposition, or any transcript of such a recording, such party shall notify the court of that fact no later than December 28, 2015, by the filing of a document advising of such possible use and describing each such item the party might use at trial.

14. Not more than fifteen minutes of videotaped deposition testimony will be offered by any party from any deposition. Counsel shall reach agreement in advance of trial as to any objections related to testimony to be offered by videotape or, if agreement cannot be reached, shall present the disagreement to the court for resolution at least two weeks prior to the scheduled trial date. If less than an entire videotaped deposition is offered, it will be offered by means of an appropriately edited tape to which all parties have agreed.

---

[1] The term "counsel" as used herein includes pro se parties. For example, the term "plaintiff's counsel" means the plaintiff himself or herself if proceeding pro se.

15. Each party shall designate experts by filing a written designation including the name, address, and telephone number of each expert who may be called to testify and make the disclosures required by Fed. R. Civ. P. 26(a)(2) by serving the required written reports at least 120 days before the pretrial conference date.

16. At least ten (10) days before the pretrial conference and again at least fourteen (14) days prior to trial, the parties and their respective lead counsel shall meet face-to-face to discuss settlement of this action. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against the party in this action, a representative of each insurance company providing such coverage who has full authority to offer to pay policy limits in settlement shall be present at, and participate in, the settlement conference in person, not by telephone or other remote means. The court expects the parties to comply with the requirements of Local Civil Rule 16.3 that the parties make a good faith effort to settle. Within three (3)

business days after each such settlement conference, the parties shall jointly prepare and file a written report, which shall be signed by all counsel for each party, detailing the date on which the settlement conference was held, the persons present, including the capacity of any representative present, a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement. Plaintiff's counsel is responsible for initiating the settlement conference and for filing the written report. All counsel must participate in the settlement conference and shall sign the written report.

17. This case is not exempt from the requirements for scheduling orders, pretrial orders or any other orders of the court.

18. No process shall be served upon any person in attendance at any conference held pursuant to the requirements of this order.

19. Strict compliance with the terms of this order is required. Should any party or counsel fail to cooperate in doing anything required by this order to be done, such party or counsel or both will be subject to sanctions, including dismissal or

entry of default without further notice.  See Fed. R. Civ. P. 16(f).

SIGNED January 8, 2015.

_____
JOHN McBRYDE
United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

### SPECIAL PRETRIAL INSTRUCTIONS

1.   An original Pretrial Order and one copy thereof shall be delivered to Chambers by 12:00 o'clock noon three (3) business days prior to the scheduled pretrial conference.

2.   At least seven business days prior to the scheduled pretrial conference, counsel for all parties and all pro se parties shall confer in person with each other for the purpose of preparing a Pretrial Order.  During this conference, counsel and pro se parties shall (1) exchange drafts of the language that each party proposes to include in the Pretrial Order, (2) eliminate from the lawsuit any issue that appears in the pleadings but about which there is no controversy, (3) agree on all possible stipulated facts and on all controverted issues of fact and law, and (4) otherwise discuss the preparation of the final Pretrial Order.

3.   All counsel and pro se parties are jointly responsible for preparation of the entire Pretrial Order; however, plaintiff's counsel and pro se plaintiffs, if any, are responsible for typing, collating, and otherwise preparing the final document for presentation to the Court.

4.   The Pretrial Order must set forth:

(a)   a concise statement of any pending jurisdictional issues;
(b)   a list of all pending motions;
(c)   a full and complete statement of plaintiff's claims, with specificity;
(d)   a full and complete statement of each defendant's claims, with specificity;
(e)   a full and complete statement of the claims of any other parties, with specificity;
(f)   a list of the facts established by pleadings, by stipulations, or by admissions;
(g)   an agreed list of the contested issues of fact;

 (h) an agreed list of the ultimate issues of fact to be decided by the fact finder (court or jury);
 (i) an agreed list of the contested issues of law;
 (j) a list of each party's expert witnesses and a summary of the opinions to be given by each expert;
 (k) a list of additional matters that would aid in the disposition of the case;
 (l) an estimate of the length of trial;
 (m) a statement that the case is jury or non-jury;
 (n) the signature of the lead attorney for each party; and
 (o) a place for the date and the signature of the Court, which shall be preceded by text on the same page.

All of the matters set forth above shall be contained within the body of the pretrial order and none shall be attached thereto as exhibits or attachments. All of the contested and ultimate issues shall be agreed upon and there will not be separate lists of ultimate or contested issues submitted by each party.

 5. Counsel for all parties and all _pro se_ parties are instructed to cooperate fully in the discovery process and to make all reasonable discovery available on a timely basis to the requesting party. Excessive discovery or resistance to reasonable discovery will not be tolerated by this Court. Throughout the discovery process, counsel must observe the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, adopted by the judges of this District, sitting en banc, in <u>Dondi Properties Corp. v. Commerce Savings and Loan Ass'n</u>, 121 F.R.D. 284 (N.D. Tex. 1988). Unnecessary discovery or unreasonable delay may subject the infracting party to sanctions and the payment of costs. <u>See</u> <u>Thomas v. Capital Sec. Serv., Inc.</u>, 836 F.2d 866 (5th Cir. 1988) (en banc).

 6. Lead counsel for each party and each _pro se_ party shall be present at the pretrial conference and shall have access, by telephone or otherwise, to the individual(s) he or she represents or to a person authorized to make decisions regarding the matter before the court on behalf of any corporate or other entity a party to the action.

 7. Each attorney and each _pro se_ party should retain a copy of the Pretrial Order submitted to the Court. The Clerk will not provide copies of the signed Pretrial Order.